<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW J BALLISTER, III,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>UNION COUNTY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>　　　　　　　　　Defendants. | No. 17cv573 (EP) (JSA)<br><br><br>OPINION |

**PADIN, District Judge.**

　　Pro se Plaintiff Matthew J. Ballister, III, is proceeding on an Amended Complaint against Defendants Union County Department of Corrections ("UCDC") and Raymond Royce, Administrator of New Jersey State Prison ("NJSP"), and others for denying him medical care while Ballister was detained at the Union County Jail ("UCJ") and NJSP. D.E. 57 ("Am. Compl."). UCDC and Royce now move to dismiss the Amended Complaint's claims against them based on the statute of limitations and for failure to state a claim. D.E.s 97 ("Royce Mot.") & 112 ("UCDC Mot."). Ballister did not file opposition to either motion. The Court decides the motions on the papers under Federal Rule of Civil Procedure 78(b).

　　For the reasons below, the Court will **GRANT** Royce's motion in part and **DENY** UCDC's motion.

I.      BACKGROUND[1]

Ballister filed several matters in this Court while a pretrial detainee at UCJ.  D.E. 1 (citing *Ballister v. Union County Prosecutor's Homicide Task Force*, No. 15cv7655; *Ballister v. Union County Jail*, No. 15cv7865; and *Ballister v. Shaikh*, No. 16cv1691).  He filed a letter in those matters "wherein he alleges that Dr. Perez, a physician at the jail, has refused to treat him for an ongoing ear infection." *Id.*  He also "also filed a Motion for a Preliminary Injunction in all three of his cases seeking medical treatment for his ear and his Hepatitis." *Id.*

On January 26, 2017, the Honorable Esther Salas, D.N.J., ordered that the letter and motion be filed as a new civil rights action under 42 U.S.C. § 1983 that named Dr. Perez and John Does 1-10 as defendants. *Id.* at 4.  The Court appointed counsel for the limited purpose of identifying Dr. Perez's full name and serving the complaint.  D.E. 13.  Counsel was relieved from representation on November 26, 2019.  D.E. 28.  The Court appointed two more attorneys to represent Ballister, both of whom were later permitted to withdraw.  D.E.s 94, 127.  Prior to withdrawing, Ballister's third attorney moved to amend the complaint. D.E. 55.  Magistrate Judge Allen granted the motion on December 16, 2021 and filed the Amended Complaint. D.Es. 56, 57.[2]  Defendant Winifred Obiora filed an answer to the Amended Complaint that included crossclaims against UCDC and Royce.  D.E. 59.

---

[1] This section derives mainly from the Amended Complaint and Judge Salas' Order directing the filing of the Complaint, D.E. 1.  On a motion to dismiss, the Court takes all well-pled facts as true. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).
[2] The matter was reassigned to the undersigned on July 14, 2022.  D.E. 88.

UCDC and Royce now move to dismiss the Amended Complaint, as well as Obiora's crossclaims, based on the statute of limitations and for failure to state a claim. Royce Mot. & UCDC Mot. Ballister, now proceeding *pro se*,[3] did not file opposition to either motion.

## II. LEGAL STANDARDS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), when deciding a motion to dismiss, a court accepts all well-pled facts as true, construes the complaint in the plaintiff's favor, and determines "whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation marks omitted). Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "'short and plain statement of the claim showing that the pleader is entitled to relief.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To survive a Rule 12(b)(6) challenge, the plaintiff's claims must be facially plausible, meaning that the well-pled facts "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The allegations must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Finally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010).

---

[3] Magistrate Judge Allen denied Ballister's request to appoint a fourth pro bono attorney. D.E. 128.

3

III.    ANALYSIS

   A.    **Ballister's claims against Royce are not barred by the statute of limitations**

Royce argues Ballister's claims against him in the Amended Complaint should be dismissed because the claims were filed after the statute of limitations expired and do not relate back to the original complaint under Federal Rule of Civil Procedure 15(c). D.E. 97-1 ("Royce Br.") at 8. However, the Court need not consider whether the claims against Royce relate back because the Court concludes the claims were tolled under the continuing-violation doctrine. Therefore. the Court will not dismiss Ballister's claims against Royce claims under the statute of limitations.

"The running of the statute of limitations is an affirmative defense." *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017) (citing Fed. R. Civ. P. 8(c)(1)). "A complaint is subject to dismissal for failure to state a claim on statute of limitations grounds only when the statute of limitations defense is apparent on the face of the complaint." *Id.* The statute of limitations for section 1983 claims in New Jersey is two years. *See Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010) ("[S]tate law provides the statute of limitations applicable to a section 1983 claim."); N.J.S.A. § 2A:14-2(a). "Under federal law, a cause of action accrues 'when the plaintiff knew or should have known of the injury upon which the action is based.'" *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d 472, 480 (3d Cir. 2014) (quoting *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009)). Absent an equitable exception, Ballister's claims must have accrued no earlier than December 21, 2019, for his Amended Complaint, filed on December 21, 2021, to be timely. *See Dique*, 603 F.3d at 185 ("State law, unless inconsistent with federal law, also governs the concomitant issue of whether a limitations period should be tolled.").

4

New Jersey recognizes "the continuing-violation doctrine, which 'is an 'equitable exception to the timely filing requirement.'" *Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 236 (3d Cir. 2014) (quoting *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001)). "The doctrine applies 'when a defendant's conduct is part of a continuing practice,' and 'more than the occurrence of isolated or sporadic acts.'" *Sosa v. Cnty. of Hudson, New Jersey*, No. 20cv0777, 2020 WL 5798761, at *2 (D.N.J. Sept. 28, 2020) (quoting *Cowell*, 263 F.3d at 292). "To establish whether an act is 'continual,' the Court will consider '(1) whether the violations are part of the same subject matter and (2) whether the violations occurred frequently.'" *Id.* (*quoting Cibula v. Fox*, 570 F. App'x 129, 135-36 (3d Cir. 2014)). "In such cases, 'so long as the last act [in] the continuing practice falls within the limitations period ... the court will grant relief for the earlier related acts that would otherwise be time barred.'" *Randall v. City of Philadelphia L. Dep't*, 919 F.3d 196, 198 (3d Cir. 2019) (quoting *Cowell*, 263 F.3d at 292) (alteration and omission in original).

According to the Amended Complaint, Ballister was transferred to NJSP from UCJ in 2017. Am. Compl. ¶ 48. He alleges Royce supervised the NJSP medical staff and "failed and refused to provide Mr. Ballister with the necessary specialized treatment for his Hepatitis C and ear conditions, which has caused severe pain and suffering and likely permanent physical damage" throughout his detainment. *Id.* ¶ 21. He further alleges that in 2020 and 2021, NJSP medical staff prescribed "medications that are contraindicated to his Hepatitis C — in that these medications negatively impact the kidneys and liver — and refus[ed] him treatment by a specialist." *Id.* ¶ 57. Ballister also claims a nurse "administered Mr. Ballister a TB test while knowing the test interacts negatively someone with Mr. Ballister's condition. The TB test caused Mr. Ballister a severe bruising reaction to his arm, which caused him severe pain and suffering." *Id.* ¶ 58.

The Court must assume the facts alleged in the Amended Complaint are true, "construe those truths in the light most favorable to the plaintiff, and then draw all reasonable inferences from them." *Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016). There are enough facts in the Amended Complaint for the Court to plausibly infer that the continuing-violation doctrine may apply to Ballister's claims against Royce. Ballister alleges a continuing practice of denying him medical care for Hepatitis C with specific acts falling within the two-year statute of limitations for the Amended Complaint. The Court will not dismiss the claims based on the statute of limitations.

### B. Ballister has failed to state a claim against Royce[4]

Royce alternatively seeks dismissal of the Amended Complaint because Ballister failed to state a claim of deliberate indifference under the Eighth Amendment.[5] Royce Mot. at 14. The Court agrees with Royce and will dismiss the Eighth Amendment claim without prejudice.

"[G]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009). "Individual defendants who are policymakers may be liable under § 1983 if it is shown that such defendants, 'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (quoting *Stoneking v. Bradford Area Sch.*

---

[4] The Amended Complaint's timeliness is an affirmative defense that does not take the merits of the Amended Complaint into consideration. *See Randall v. City of Philadelphia L. Dep't*, 919 F.3d 196, 199 (3d Cir. 2019) ("For the continuing-violation doctrine is a timeliness rule, not a merits rule."). For the timeliness inquiry, the Court considered only whether Ballister alleged that Royce took certain actions within the statute of limitations. Whether that allegation satisfies Rule 8's pleading standards is a separate question that the Court considers now.

[5] The Eighth Amendment applies to Ballister's claims against Royce because Ballister was a convicted and sentenced prisoner by the time he arrived at NJSP.

6

*Dist.*, 882 F.2d 720, 725 (3d Cir. 1989)) (alteration in original).  A supervisor may also "be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in [their] subordinates' violations." *Id.*  "Allegations of participation or actual knowledge and acquiescence . . . must be made with appropriate particularity." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

Ballister alleges in the Amended Complaint that Royce "oversaw" Ballister's medical treatment after his transfer to NJSP in 2017.  Am. Compl. ¶ 48.  Ballister includes Royce as part of the collective "NJSP Defendants" that denied him medical care. *Id.*  He makes no specific allegations against Royce, stating only that he complained about his medical treatment to the NJSP Defendants, but his "numerous complaints and requests for assistance, as well as for proper medical treatment, were to no avail." *Id.* ¶ 71.  This is not the "appropriate particularity" required to allege that a supervisory defendant knew of the allegedly inadequate medical care but deliberately failed to intercede.  "[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official ... will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference." *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).  The Court will dismiss the claim against Royce without prejudice.

    **C.**    **Royce has not properly moved for dismissal of Obiora's crossclaims**

Royce briefly asks the Court to dismiss Obiora's crossclaim against him.  Royce Br. at 17.  However, Royce did not request this relief in his notice of motion, *see* D.E. 97 at 1, nor does he cite any law in support of his request, Royce Br. at 17.  "Rule 13(g) of the Federal Rules of Civil Procedure provides that a crossclaim may be asserted by one party against a co-party. Under this

7

rule, a crossclaim may not be brought against a party that has been eliminated from suit *prior* to the time the crossclaim was filed." *Heinrich v. Jewish Cmty. Ctr. Metrowest, Inc.*, No. 18cv17665, 2020 WL 3790517, at *4 (D.N.J. July 7, 2020) (citing *Impex Agr. Commodities Div. of Impex Overseas Corp. v. Leonard Parness Trucking Corp.*, 582 F. Supp. 260, 261 (D.N.J. 1984) (emphasis in original)). However, "a dismissal of the original Complaint as to one of the defendants named therein does not operate as a dismissal of a cross-claim filed against such defendant by a co-defendant." *Aetna Ins. Co. v. Newton*, 398 F.2d 729, 734 (3d Cir. 1968). "In other words, where a crossclaim has been filed against an existing party, and the original direct claim against that party is later dismissed on the merits, 'crossclaims interposed against the same party remain.'" *Heinrich*, 2020 WL 3790517, at *4 (quoting *Impex*, 582 F. Supp. at 261).

The Court will deny this relief without prejudice to Royce's ability to file a properly supported motion to dismiss the crossclaim.

**D.    Ballister's claims against UCDC are not barred by the statute of limitations**

UCDC also moves to dismiss Ballister's claims based on the statute of limitations. D.E. 112-1 ("UCDC Br.") at 11. Ballister did not name UCDC as a defendant in his original complaint, and Judge Salas did not construe the original complaint to allege that there was a policy or practice that resulted in Ballister being denied medical care. *See generally* D.E. 1. Accordingly, UCDC argues that since Ballister left the Union County Jail in December 2017, "[t]he last date on which a cause of action against the UCDC could have accrued was, therefore, in December 2017." UCDC Br. at 12. "The statute of limitations expired no later than December 21, 2019 (and may have accrued earlier — the FAC does not specify when in December 2017 Plaintiff left the UCJ)." *Id.* at 13. It further argues Ballister's claims do not relate back. *Id.* at 14. However, as with Royce,

it is unnecessary to determine whether the claims in the Amended Complaint would relate back because it is plausible that Ballister's claims against UCDC did not accrue until 2021.

New Jersey recognizes the discovery rule, which "prevents the statute of limitations from running when injured parties reasonably are unaware that they have been injured, or, although aware of an injury, do not know that the injury is attributable to the fault of another." *Caravaggio v. D'Agostini*, 166 N.J. 237, 245–46 (2001). The rule frequently applies in medical cases. *See Grunwald v. Bronkesh*, 131 N.J. 483, 493 (1993). For plaintiffs "who know they have suffered an injury but do not know that it is attributable to the fault of another," their "cause of action does not accrue until [they have] knowledge of the injury and that such injury is the fault of another." *Caravaggio*, 166 N.J. at 246.

Although Ballister would have known that he was not receiving medical care for Hepatitis C in the UCJ, it is plausible on the face of the Amended Complaint that he did not know that the denial of care was the result of "an unconstitutional written policy of the Jail set forth in its contract with its medical provider, Correctional Health Services, LLC" until much later. Am. Compl. ¶ 2.[6] It appears from the record that Ballister did not obtain his medical records and copy of the relevant policy until counsel received responses to the third-party subpoenas to UCJ and NJSP in 2021. *See* D.E. 41 (April 28, 2021 order of Magistrate Judge Allen granting request for leave to file a Motion to enforce the subpoena served on non-party Union County Jail). If Ballister did not know

---

[6] According to the Amended Complaint, "Section 3.13 of the contract states: 'CHS [Correctional Health Services] acknowledges that the Union County Jail and Juvenile Detention Center has recognized the growing public concern with Hepatitis C infection, *treatment and related medical complications, especially in the incarcerated population*. In accordance with Public Law PL 2001, Chapter 357, *Union County Jail and Juvenile Detention Center is responsible for developing and providing certain Hepatitis C related services*, in coordination with the New Jersey Department of Health and Senior Services. *CHS will continue to treat inmates with Hepatitis C only if they are already being treated upon entry to Union County Jail or the Juvenile Detention Center*.'" Am. Compl. ¶ 37 (emphasis and alteration in original).

9

that UCJ medical staff refused to provide him with Hepatitis C treatment because of a policy enacted by UCDC until 2021, the discovery doctrine would toll the accrual of his claim against UCDC until that time. *Caravaggio*, 166 N.J. at 246. The Court will not dismiss Ballister's claims against UCDC as barred by the statute of limitations because it is not apparent from the face of the Amended Complaint that the defense applies. *Wisniewski v. Fisher*, 857 F.3d 152, 157 (3d Cir. 2017).

E.   **The Court will not dismiss Obiora's crossclaims against UCDC**

As the Court is not dismissing Ballister's claims against UCDC, the Court will not dismiss Obiora's crossclaims against UCDC either.

IV.   **CONCLUSION**

For the reasons stated above, the Court will **GRANT IN PART** Raymond Royce's motion to dismiss. Ballister's claims against Royce will be **DISMISSED WITHOUT PREJUDICE** for failure to state a claim, Fed. R. Civ. P. 12(b)(6). Royce's request to dismiss Obiora's crossclaims is **DENIED WITHOUT PREJUDICE**. UCDC's motion to dismiss is **DENIED**. Royce and UCDC shall submit answers within 14 days of this Opinion and Order, Fed. R. Civ. P. 12(a)(4).

An accompanying Order will be entered.


 9/18/2023
Date

Evelyn Padin, U.S.D.J.