**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW J BALLISTER, III,<br><br>Plaintiff,<br><br>v.<br><br>UNION COUNTY DEPARTMENT OF CORRECTIONS, et al.,<br><br>Defendants. | No. 17cv0573 (EP) (JSA)<br><br>**OPINION** |

**PADIN, District Judge.**

Plaintiff Matthew J Ballister, III, a state prisoner currently confined in New Jersey State Prison ("NJSP"), filed an Amended Complaint against Defendants Tiffany White, LPN and Claudia Teh, APN, and others for denying him medical care while he was detained at the Union County Jail ("UCJ") and NJSP. D.E. 57 ("Am. Compl."). White and Teh filed a motion for summary judgment, D.E. 135, and a motion to seal Exhibit A to that motion, D.E. 133.[1] *See also* D.E. 134 ("Exhibit A").

For the reasons below, the Court will **GRANT IN PART** the motion to seal. The unredacted version of Exhibit A may remain under seal. White and Teh will be ordered to submit a redacted version of Exhibit A within 21 days of this Opinion and Order.

---

[1] The Court administratively terminated the summary judgment motion as well as the summary judgment motion filed by Defendant Winifred Obiora, D.E. 131, to allow for supplemental briefing on an intervening Third Circuit decision. D.E. 138. The Court will direct Defendants to file new notices of motion by separate Order now that the supplemental briefing has been completed.

I.   BACKGROUND[2]

Plaintiff filed several matters in this Court while a pretrial detainee at UCJ. D.E. 1 (citing *Ballister v. Union County Prosecutor's Homicide Task Force*, No. 15cv7655; *Ballister v. Union County Jail*, No. 15cv7865; and *Ballister v. Shaikh*, No. 16cv1691). He filed a letter in those matters "wherein he alleges that Dr. Perez, a physician at the jail, has refused to treat him for an ongoing ear infection." *Id.*  He also "also filed a Motion for a Preliminary Injunction in all three of his cases seeking medical treatment for his ear and his Hepatitis." *Id.*

On January 26, 2017, the Honorable Esther Salas, D.N.J., ordered that the letter and motion be filed as a new civil rights action under 42 U.S.C. § 1983 that named Dr. Perez and John Does 1-10 as defendants. *Id.* at 4.  The Court appointed counsel for the limited purpose of identifying Dr. Perez's full name and serving the complaint.  D.E. 13.  Counsel was relieved from representation on November 26, 2019.  D.E. 28.  The Court appointed two more attorneys to represent Plaintiff, both of whom were later permitted to withdraw.  D.E.s 94, 127.  Prior to withdrawing, Plaintiff's third attorney moved to amend the complaint. D.E. 55.  Magistrate Judge Allen granted the motion on December 16, 2021 and filed the Amended Complaint.  D.Es. 56, 57.[3]

On April 20, 2023, Obiora filed a motion for summary judgment.  D.E. 131.  White and Teh filed a motion for summary judgment and a motion to seal Exhibit A on June 28, 2023.  D.Es. 133 & 135.  Plaintiff did not respond to any of the motions.  On September 19, 2023, the Court administratively terminated the summary judgment motions to allow for supplemental briefing on the Third Circuit's decision in *Wilson v. United States of America*, 79 F.4th 312 (3d Cir. 2023). D.E. 138.

---

[2] This section derives mainly from the Amended Complaint and Judge Salas' Order directing the filing of the Complaint, D.E. 1.
[3] The matter was reassigned to the undersigned on July 14, 2022.  D.E. 88.

The Court now considers White and Teh's unopposed motion to seal Exhibit A.  D.E. 133.

II.     **LEGAL STANDARD**

"It is well-settled that there exists, in both criminal and civil cases, a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001).  This "right of access extends beyond simply the ability to attend open court proceedings.  Rather, it envisions a pervasive common law right to inspect and copy public records and documents, including judicial records and documents." *Id.* (internal quotation marks omitted).  A party seeking to seal portions of the judicial record from public view bears party "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury to the party seeking closure." *Millhouse v. Ebbert*, 674 F. App'x 127, 128 (3d Cir. 2017) (per curiam) (internal quotation marks and citations omitted).

In deciding a motion to seal, the Court considers:

> (a) the nature of the materials or proceedings at issue;
>
> (b) the legitimate private or public interest which warrants the relief sought;
>
> (c) the clearly defined and serious injury that would result if the relief sought is not granted;
>
> (d) why a less restrictive alternative to the relief sought is not available;
>
> (e) any prior order sealing the same materials in the pending action; and
>
> (f) the identity of any party or nonparty known to be objecting to the sealing request.

L.Civ.R. 5.3(c)(3).

III.  ANALYSIS

A.  The Public's Right to Access

"Consideration of the public's right of access must be the starting point, not just one of multiple factors.  The scale is tipped at the outset in favor of access." *In re Avandia Mktg., Sales Pracs. & Prod. Liab. Litig.*, 924 F.3d 662, 677 (3d Cir. 2019).  Additionally, for civil trials, there is a First Amendment right of access which requires a "much higher showing" than the common law right of access. *Id.* at 673.

The Amended Complaint alleges that White and Teh failed to refer Plaintiff to a specialist to treat his Hepatitis C and ear conditions while he was at NJSP.  Am. Compl. ¶¶ 13, 15.  Plaintiff has a right to have his complaint adjudicated in a public process, and the public has a right to information about how state prisons provide medical care to inmates. *See In re Avandia Mktg.*, 924 F.3d at 671 (directing courts to consider "whether confidentiality is being sought over information important to public health and safety" and "whether the case involves issues important to the public").  White and Teh are public employees, and "[t]he public's interest is particularly legitimate and important where, as in this case, at least one of the parties to the action is a public entity or official." *Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994).  White and Teh have not provided facts that would overcome the strong common law right of access to court proceedings.  Because they have not met this standard, they also cannot satisfy the stronger First Amendment right of access.

The failure to overcome the common law right of access requires the Court to deny the motion to seal; however, it will continue analyzing the factors for completeness.

4

**B.     The Nature of the Materials or Proceedings at Issue**

White and Teh seek to seal Exhibit A as part of their motion for summary judgment. D.E. 133. "[D]ocuments filed in connection with a motion for summary judgment are judicial records." *In re Avandia Mktg.*, 924 F.3d at 672. Exhibit A contains portions of Plaintiff's medical records that White and Teh assert "are essential to the outcome of the motion for summary judgment which considers the adequacy of medical care." D.E. 133-2 at 2. Information that is "essential" to the Court's decision on the merits of the Amended Complaint should be publicly available. *See Heffley v. Fed. Bureau of Prisons FCI Fort Dix*, 2023 WL 8827451, at *5 (D.N.J. Dec. 21, 2023) (granting motion to seal because "the Court did not consider the video's contents as part of Defendants' motion to dismiss" and "there is not a concern that a critical basis for the Court's decision is being withheld from public scrutiny.").

Plaintiff's medical records would be admissible at trial if this matter were to proceed past summary judgment. It is pointless to seal records that would be admitted at trial. *See Ruiz v. New Jersey Dep't of Corr.*, 2020 WL 2111013, at *10 (D.N.J. May 1, 2020) ("[] Defendants' exhibits contains [sic] information that would be disclosed at trial; therefore, the Court sees no reason to seal them on the docket.").

**C.     The Legitimate Private or Public Interest Which Warrants the Relief Sought**

White and Teh argue Exhibit A should be sealed because it "contain[s] Plaintiff's private health information which is protected from disclosure pursuant to the Health Insurance Portability and Accountability Act ('HIPAA')." D.E. 133-2 at 2. Plaintiff has a legitimate privacy interest in his medical information, *see Doe v. Delie*, 257 F.3d 309, 315 (3d Cir. 2001), but he inserted the relevance of his medical information and conditions into this action by alleging White and Teh denied him necessary medical care. Thus, any interest Plaintiff has in keeping his medical

5

information private is lessened by the fact that he filed a public complaint about his medical treatment.

D.     The Clearly Defined and Serious Injury That Would Result

For this factor, White and Teh argue Exhibit A should be sealed because Plaintiff's personal medical information would be released to the public." D.E. 133-2 at 3.  This is an insufficient reason.  A party seeking to seal portions of the judicial record from public view "bears the heavy burden of showing that the material is the kind of information that courts will protect and that disclosure will work a clearly defined and serious injury *to the party seeking closure*." *Millhouse v. Ebbert*, 674 F. App'x 127, 128 (3d Cir. 2017) (per curiam) (emphasis added) (internal quotation marks and citations omitted); *see also Pansy v. Borough of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994) ("Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the party seeking closure." (internal quotation marks omitted)). White and Teh have not articulated any injury they would incur themselves if Exhibit A was not sealed.  Therefore, they have not satisfied this factor.

E.     Why a Less Restrictive Alternative Is Not Available

White and Teh argue Exhibit A should be sealed in its entirety because "[t]he records are a subset of entire medical record necessary to decide [the] motion and cannot be redacted." D.E. 133-2 at 3.  The Court is not persuaded that redaction is impossible.

Exhibit A is 145 pages of Plaintiff's medical records.  The Amended Complaint alleges that White and Teh failed to refer Plaintiff to a specialist to treat his Hepatitis C and ear conditions while he was at NJSP.  Am. Compl. ¶¶ 13, 15.  The Court has reviewed Exhibit A, and some of the information in the exhibit does not relate to those claims.  That information is irrelevant to the summary judgment motion and can be redacted.  The records may require significant redactions,

but the fact that they can be redacted indicates that there is a less restrictive alternative to sealing the entire exhibit.

**F.     Prior Order Sealing the Same Materials**

There is no prior order sealing the materials.

**G.     Identity of Any Party or Nonparty Objecting to the Sealing Request**

Plaintiff has not filed opposition to the sealing request, nor have any third parties to the Court's knowledge.  *See* D.E. 133-2 at 3.

**IV.    CONCLUSION**

For the reasons stated above, the Court will the Court will **GRANT** the motion to seal Exhibit A only to the extent that the unredacted version may remain under seal.  White and Teh will be ordered to submit a redacted version of Exhibit A within 21 days of this Opinion and Order.

An appropriate Order accompanies this Opinion.

**2/5/2024**
Date

Evelyn Padin, U.S.D.J.