<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW BALLISTER,<br><br>   Plaintiff,<br><br>   v.<br><br>UNION COUNTY DEPARTMENT OF CORRECTIONS, *et al.*,<br><br>   Defendants. | No. 17cv573 (EP) (JSA)<br><br>**MEMORANDUM ORDER** |

**PADIN, District Judge.**

Pending before the Court is the Report and Recommendation ("R&R") of the Hon. Jessica Allen, U.S.M.J., which recommends that the District Court provide Plaintiff Matthew Ballister one last opportunity to respond to Defendants' (Union County Department of Corrections and Winifred Obiora) discovery requests, which he has failed to respond to several times. D.E. 201 ("R&R") at 2-3.

When magistrate judges address dispositive motions, including a motion to dismiss, they submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). Where no objection has been made to a report and recommendation within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting some review should be given to report and recommendation by judges). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made in the report and recommendation. 28 U.S.C. § 636(b)(1); L. Civ. R. 72.1(b)(3). Only if the district

court adopts a report and recommendation does it have the force of law. *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

Defendants argue that dismissal of the complaint is appropriate because Plaintiff has failed on several occasions to respond to written discovery, which has prejudiced their ability to move for summary judgment and defend the case. D.E. 193 at 9. When analyzing the relevant factors the Third Circuit outlined in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), Judge Allen noted that several weigh against dismissal. R&R at 3. Therefore, although Plaintiff has failed to comply with previous orders and has delayed the case from proceeding, Judge Allen recommends that Plaintiff be provided one final opportunity to respond to Defendants' written discovery requests prior to dismissal of the Complaint. *Id.* at 4.

No objections were filed in response to the R&R. After reviewing the R&R and the records in the pending case, the Court finds no clear error. Therefore, the Court will **ADOPT** the R&R in its entirety.

**IT IS**, on this **7th** day of April, 2025;

**ORDERED** that the R&R, D.E. 201, is **ADOPTED**; and it is further

**ORDERED** that Plaintiff shall be provided **one final opportunity** to respond to Defendants' written discovery requests. Specifically, Plaintiff's responses to Defendants' discovery demands are due within **thirty (30) days** of this Order. Alternatively, if Plaintiff continues to claim that his illness prevents him from litigating the case, despite the record before the Court, within **twenty (20) days** of this Order, Plaintiff shall be permitted to seek leave to request a voluntary dismissal pursuant to Federal Rule of Civil Procedure 41; and it is further

**ORDERED** that Plaintiff is expressly advised that, should he fail to timely (1) provide responses to Defendants' written discovery, or alternatively, (2) seek leave to request a voluntary dismissal of this case, the case may be dismissed *with prejudice*; and it is finally

**ORDERED** that the Clerk of the Court shall send by regular mail a copy of this Memorandum Order to all parties.

_____
Evelyn Padin, U.S.D.J.