NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MATTHEW BALLISTER,<br><br>　　　　　Plaintiff,<br><br>　　　　v.<br><br>UNION COUNTY DEPARTMENT OF CORRECTIONS, et al.,<br><br>　　　　　Defendants. | Civil Action No. 17-573 (EP) (JSA)<br><br><br>REPORT AND RECOMMENDATION |

**ALLEN, U.S.M.J.**

　　　　This matter is before the Court by way of Defendants Winifred Obiora, APN, and Union County Department of Corrections' (at times, "Defendants") respective motions to dismiss the Complaint due to Plaintiff's failure to provide discovery and comply with Court Orders. (ECF Nos. 204, 206). No opposition has been filed. The Honorable Evelyn Padin, U.S.D.J. has referred the motions to the Undersigned for a Report and Recommendation. No oral argument was heard. *See* Fed. R. Civ. P. 78(b). For the reasons set forth below, and for good cause shown, it is **RESPECTFULLY RECOMMENDED** that Defendants' motions to dismiss be **GRANTED**, and that Plaintiff's Complaint be dismissed with prejudice.

**I.　　RELEVANT BACKGROUND**

　　　　This is a Section 1983 action brought by incarcerated *pro se* Plaintiff Matthew Ballister, alleging that Defendants denied him medical treatment for Hepatitis C and an ear infection, in violation of the Eighth Amendment to the United States Constitution. The facts and extensive procedural history of this case are well-known to the parties and detailed in prior Opinions and

Orders. (*See, e.g.*, ECF Nos. 128, 136, 165). As such, the Court highlights only what is relevant to the present motions.

The operative complaint is the First Amended Complaint filed on December 21, 2021. (ECF No. 57, "the Complaint").[1] During the course of this case, Plaintiff was appointed three separate *pro bono* attorneys, with whom he had a breakdown in communications and eventually directed to withdraw. (*See* ECF No. 128, discussing history of *pro bono* counsel in this case). On March 31, 2023, following withdrawal of Plaintiff's third and final court-appointed attorney, the Clerk of the Court was directed to enter Plaintiff's appearance *pro se*. (*Id.*)

On September 24, 2024, a Pretrial Scheduling Order was entered. (ECF No. 174). The Scheduling Order directed the parties to serve their respective written discovery requests by October 31, 2024, to be responded to within thirty (30) days. (*Id.*) Defendant Union County timely served Plaintiff with interrogatories and a notice to produce documents; Defendant Obiora timely served Plaintiff with interrogatories. (*See* ECF No. 193-1 at 2; ECF No. 194-4, Exhs. B, D). Plaintiff failed to timely respond to Defendants' discovery requests.

On December 4, 2024, Defendants submitted individual letters advising that Plaintiff's discovery responses were overdue. (*See* ECF Nos. 183, 184). On December 5, 2024, this Court entered an Order providing Plaintiff through January 6, 2025, to serve responses to Defendants' outstanding written discovery, and directed Defendants to submit status letters on or before January 7, 2025, advising whether responses had been received. (ECF No. 185, the "December 5th Order"). The December 5th Order further advised Plaintiff that should he fail to respond to Defendants' discovery requests, leave would be granted for Defendants to file motions to dismiss the Complaint for failure to provide discovery and comply with Court Orders. (*Id.*)

---

[1] Defendants Obiora and Union County Department of Corrections are the only remaining Defendants. All other Defendants named in the Complaint were previously dismissed by Court Orders. (*See* ECF Nos. 136, 165, 170, 180).

2

On January 7, 2025, Defendants submitted individual letters advising that Plaintiff had failed to comply with the December 5th Order. (ECF Nos. 189, 190). Defendants then sought, and were granted, (ECF Nos. 191, 192), leave to file motions to dismiss due to Plaintiff's non-compliance. Defendant Obiora filed a motion to dismiss on January 15, 2025, and Defendant Union County filed a motion to dismiss on January 24, 2025. (ECF Nos. 193, 194, "Defendants' initial motions to dismiss").

On January 29, 2025, Plaintiff filed a thirty-eight (38) page document, which the Court construed as Plaintiff's opposition to Defendants' initial motions to dismiss, and as a request to appoint a fourth *pro bono* attorney. (*See* ECF No. 196). However, Plaintiff did not respond to Defendants' discovery requests.

On March 14, 2025, this Court entered a Report & Recommendation ("R&R") and Order. (ECF No. 201). In the Order, the Undersigned denied Plaintiff's non-dispositive request for the appointment of *pro bono* counsel. (*Id.*) In the R&R, the Undersigned, mindful that dismissing a Complaint is a severe sanction of last resort, recommended to District Judge Padin that Defendants' initial motions to dismiss be denied without prejudice, and that Plaintiff be given a "final opportunity" to either (1) advise the Court within twenty (20) days of the District Court's decision on the R&R that he would seek a voluntary dismissal of this case based on his contention that his illness prevents him from litigating the case, or (2) provide, within thirty (30) days of the District Court's decision on the R&R, answers to Defendants' written discovery requests. (ECF No. 201). Plaintiff did not object to the R&R, nor did he appeal the Order.

On April 7, 2025, Judge Padin adopted the R&R, denied Defendants' initial motions to dismiss without prejudice, and expressly advised Plaintiff that if he did not either (i) seek a voluntary dismissal of the case within twenty (20) days of the Order, or (ii) provide discovery

3

responses within thirty (30) days of the Order, "the case may be dismissed *with prejudice.*" (ECF No. 203, "Judge Padin's April 7th Order") (emphasis in original).

Plaintiff did not respond to Judge Padin's April 7th Order. To date, Plaintiff has not sought to voluntarily dismiss his case, nor has he provided responses to Defendants' discovery demands. He also has failed to otherwise communicate with the Court. As a result, Defendants filed the present motions to dismiss. (*See* ECF Nos. 204, 206). The motions are unopposed.

## II. **LEGAL STANDARD**

The Federal Rules of Civil Procedure authorize courts to impose sanctions for failure to provide discovery or comply with a court order. *See* Fed. R. Civ. P. 37(b), (d). If a party fails to obey a discovery order, the Court is permitted to dismiss the action or proceeding in its entirety. Fed. R. Civ. P. 37(b)(2)(A)(v). The Court uses its sound discretion in deciding what sanctions to impose. *See Bowers v. Nat'l Collegiate Athletic Assoc.,* 475 F.3d 524, 538 (3d Cir. 2007).

In *Poulis v. State Farm Fire & Casualty Co.,* the Third Circuit identified six factors for courts to balance when deciding whether to impose a sanction such as dismissing a complaint:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

747 F.2d 863, 868 (3d Cir. 1984) (herein, the "*Poulis* factors").

"In balancing the *Poulis* factors, [courts] do not have a 'magic formula' or 'mechanical calculation . . . .'" *Briscoe v. Klaus*, 538 F.3d 252, 263 (3d Cir. 2008) (citing *Mindek v. Rigatti*, 964 F.2d 1369, 1373 (3d Cir. 1992)). Furthermore, "no single *Poulis* factor is dispositive . . . and not all of the *Poulis* factors need be satisfied in order to dismiss a complaint" *Mindek,* 964 F.2d at 1373.

### III. <u>DISCUSSION</u>

While the Undersigned recognizes the significance of dismissal of the instant action, such a dismissal is warranted upon consideration and balance of the *Poulis* factors.

### A.     The Extent of Plaintiff's Personal Responsibility

In considering this first factor, courts "look to whether the party bears personal responsibility for the action or inaction which led to the dismissal." *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 133 (3d Cir. 2019) (citing *Adams v. Trs. Of the N.J. Brewery Emps.' Pension Tr. Fund*, 29 F.3d 863, 873 (3d Cir. 1994)); *see also Vittas v. Brooks Bros. Inc.*, 2017 U.S. Dist. LEXIS 203123, at *5 (D.N.J. Dec. 11, 2017) ("The first *Poulis* factor … is a question of whether the party herself has caused a delay as opposed to whether counsel for the party is responsible." (citations omitted)).

As a *pro se* litigant, Plaintiff bears sole responsibility for his case. *See, e.g., Clarke v. Nicholson*, 153 Fed. Appx. 69, 73 (3d Cir. 2005) ("unlike a situation in which a dismissal is predicated upon an attorney's error, the plaintiff here was *pro se* and directly responsible for her actions and inaction in the litigation."). Since becoming *pro se*, Plaintiff has repeatedly failed to prosecute, provide discovery, and comply with Orders. Moreover, despite several express warnings that failure to provide discovery would result in recommending dismissal of his case, Plaintiff's conduct continues to date. As such, Plaintiff bears personal responsibility for the repetitive acts of non-compliance. *See, e.g.*, *Briscoe*, 538 F.3d 258-59 (*pro se* litigant "is solely responsible for the progress of his case"). Accordingly, the first *Poulis* factor weighs strongly in favor of dismissing the Complaint.

## B.     Prejudice to Defendants

A party suffers prejudice if an adversary's shortcomings are "impeding [its] ability to prepare effectively a full and complete trial strategy." *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 223 (3d Cir. 2003).  Further, "prejudice is not limited to 'irremediable' or 'irreparable' harm," and "[o]ftentimes, involves disputes between the parties on discovery matters because the defendants were deprived of necessary information or had to expend costs to obtain court orders for compliance." *Briscoe*, 538 F.3d at 259.

Here, Plaintiff's failure to comply with Court Orders and provide discovery has prejudiced Defendants.  This action was commenced nearly eight years ago.  Yet, Plaintiff's conduct has unilaterally stalled progress of the case.  Plaintiff's failure to engage in discovery creates the problematic consequence of unlimited delay, as Defendants cannot prepare their defense until Plaintiff engages in discovery.  Such unknown and unlimited delay can prejudice a party, "as discoverable evidence may become lost or destroyed." *Diamond v. Borough of Peapack Gladstone*, 2011 WL 4950169, at *6 (D.N.J. Oct. 18, 2011).  In addition, Defendants have been prejudiced by incurring the cost and expense of filing two separate motions to dismiss the Complaint due to Plaintiff's failure to provide discovery. *See Briscoe,* 538 F.3d at 259.  In short, Plaintiff's failure to provide discovery and engage in the case prevents Defendants from constructing and planning an effective defense and has caused Defendants to expend unnecessary financial resources.  Thus, the second *Poulis* factor weighs in favor of dismissal.

## C.     History of Dilatoriness

"'[E]xtensive' delay can create a history of dilatoriness." *Hildebrand*, 923 F.3d at 135 (quoting *Adams*, 29 F.3d at 874).  To constitute a history of delay, "[i]t is quite sufficient if [Plaintiff] does nothing . . . ." *Id*. (quoting *Adams*, 29 F.3d at 875 (internal quotation marks and

6

citation omitted)). Here, Plaintiff has displayed a clear history of dilatoriness and noncompliance with Court Orders. Specifically, since Defendants' discovery requests were served, Plaintiff has (i) failed to timely respond; (ii) failed to respond to follow up requests from counsel; (iii) failed to comply with the Undersigned December 5th Order; and (iv) failed to comply with Judge Padin's April 7th Order. These repeated failures to pursue the case and comply with Orders establishes a history of dilatoriness. *See Adams*, 29 F.3d at 875. Therefore, under the standard set forth in *Hildebrand* and *Poulis*, Plaintiff has demonstrated a history of dilatoriness, which weighs in favor of dismissal.

### D. Willfulness or Bad Faith

Under this fourth factor, the Court "must consider whether [Plaintiff's] conduct was the type of willful or contumacious behavior which [can be] characterized as flagrant bad faith." *Briscoe*, 538 F.3d at 262 (citation omitted). "[W]here the record is unclear as to whether a party acted in bad faith, a consistent failure to obey orders of the [C]ourt, at the very least, renders a party's actions willful . . . ." *Yancey v. Wal-Mart Corp.*, 2022 U.S. Dist. LEXIS 67868, at *27 (D.N.J. Jan. 31, 2022) (citation omitted). Plaintiff has not complied with the December 5th and April 7th Orders, despite being expressly warned of the consequences. He also has failed to otherwise communicate with the Court since submitting his January 25th response to Defendants' first round of motions to dismiss. Thus, the Undersigned finds Plaintiff's conduct is willful. *See Yancey*, 2022 U.S. Dist. LEXIS 67868, at *27 (finding plaintiff's failure to reasonably interact with the court was "willful delay."). Moreover, Plaintiff's repeated failures to comply with this Court's Orders, and his refusal to participate in this action, when viewed together, demonstrate that Plaintiff has willfully abandoned his claims. *See Spain v. Gallegos*, 26 F.3d 439, 455 (3d Cir.

7

1994) (dismissal of complaint appropriate when plaintiff willfully abandoned the case). Accordingly, the fourth *Poulis* factor weighs in favor of dismissal.

     **E.**    **Effectiveness of Alternate Sanctions**

Mindful that "'[d]ismissal must be a sanction of last, not first, resort,'" *Adams*, 29 F.3d at 878 (quoting *Poulis*, 747 F.2d at 869), Plaintiff's non-compliance with the Court's Orders and the record of non-responsiveness show that alternative sanctions would be futile. *See Briscoe*, 538 F.3d at 262 ("[w]hen a Plaintiff fails to prosecute [her] action, outside of dismissal of the action, the Court cannot envision a sanction that would be appropriate.'"). Specifically, Plaintiff has refrained from prosecuting his claims, providing discovery despite several Court Orders, and communicating with the Court for nearly five months. This conduct suggests that Plaintiff does not wish to proceed with the case. *See Guyer v. Beard*, 907 F.2d 1424, 1429-30 (3d Cir.1990) (affirming sanction of dismissal and finding that failure to comply with court orders and communicate with court tantamount to abandonment of claim). As such, any further court proceedings would be impossible. *See, e.g.*, *Sebrell ex rel. Sebrell v. Phila. Police Dept.*, 159 Fed. Appx. 371, 374 (3d Cir. 2005) (affirming sanction of dismissal, stating, "[i]n light of [Plaintiff's] persistent refusal to cooperate so that her case could move forward, we see no alternative path that the District Court could have taken."). Accordingly, this fifth *Poulis* factor weighs in favor of dismissal.

     **F.**    **Meritoriousness of Plaintiff's Claims**

"'A claim, or defense, will be deemed meritorious when the allegations of the pleadings, if established at trial, would support recovery by Plaintiff or would constitute a complete defense.'" *Hildebrand*, 923 F.3d at 137 (quoting *Poulis*, 747 F.2d at 869–70). Here, the Court cannot determine whether Plaintiff's claims have merit, as he has failed to produce discovery or pursue

8

his claims. Nevertheless, since the Undersigned finds that the majority of *Poulis* factors weigh in favor of dismissal, the Undersigned in satisfied that dismissal is the appropriate remedy. *See Hildebrand*, 923 F.3d at 132 ("not all of the factors need to be satisfied to justify dismissal of a complaint for lack of prosecution."); *Sync Labs LLC v. Fusion Mfg.*, 2014 WL 2601907, at *2 (D.N.J. June 11, 2014) ("The court should balance the factors, but not all of them need point to dismissal in order for dismissal to be the right outcome. . . ." (citation omitted)).

## IV.  CONCLUSION

For the reasons stated above, the Undersigned **RESPECTFULLY RECOMMENDS** that Defendants' motions to dismiss, (ECF Nos. 204, 206), be **GRANTED**, and that Plaintiff's Complaint be dismissed with prejudice.

The parties are advised that, pursuant to 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b)(2), and L. Civ. R. 72.1(c)(2), they may file any objections to this Report and Recommendation within fourteen (14) days after service of a copy thereof.

The Clerk of the Court is directed to serve a copy of this Report and Recommendation on Plaintiff by regular mail and by certified mail, return receipt requested.

                                                                           s/Jessica S. Allen
                                                                           **Hon. Jessica S. Allen**
                                                                           **United States Magistrate Judge**

Dated:  June 16, 2025

cc:  Hon. Evelyn Padin, U.S.D.J.