**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| MATTHEW BALLISTER, | |
|     Plaintiff, | No. 17cv573 (EP) (JSA) |
|     v. | **MEMORANDUM ORDER** |
| UNION COUNTY DEPARTMENT OF CORRECTIONS, *et al.*, | |
|     Defendants. | |

**PADIN, District Judge.**

Pending before the Court is the Report and Recommendation ("R&R") of the Hon. Jessica Allen, U.S.M.J., which recommends that the District Court grant Defendants Winifred Obiora, APN, and Union County Department of Corrections' (collectively, "Defendants") respective motions[1] to dismiss Plaintiff Matthew Ballister's Complaint[2] due to his repeated failure to provide discovery and comply with Court orders. D.E. 207 ("R&R").

When magistrate judges address dispositive motions, including a motion to dismiss, they submit a report and recommendation to the district court. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72; L. Civ. R. 72.1(a)(2). Where no objection has been made to a report and recommendation within 14 days, the district court should, as a matter of good practice, satisfy itself that there is no clear error on the face of the record before adopting the report and recommendation. Fed. R. Civ. P. 72(b), advisory committee notes; *Henderson v. Carlson*, 812 F.2d 874, 878 (3d Cir. 1987) (noting some review should be given to report and recommendation by judges). The district court may accept, reject, or modify, in whole or in part, the findings or recommendations made in

---

[1] D.E. 204 ("Obioira Motion"); D.E. 206 ("Union County Motion").
[2] The operative complaint is the First Amended Complaint, D.E. 57 (the "Complaint").

the report and recommendation.  28 U.S.C. § 636(b)(1); L. Civ. R. 72.1(b)(3).  Only if the district court adopts a report and recommendation does it have the force of law.  *See United Steelworkers of Am. v. N.J. Zinc Co.*, 828 F.2d 1001, 1005 (3d Cir. 1987).

The pending R&R follows on the heels of a recent order in which the Court adopted the recommendation of Judge Allen[3] and denied similar motions from Defendants which, in part, sought to dismiss the Complaint due to Plaintiff's failure to provide discovery and comply with Court orders.  D.E. 203 ("Previous Order").  In the Previous R&R, after considering the *Poulis* factors,[4] Judge Allen recommended providing Plaintiff "**one final opportunity** to respond to Defendants' written discovery requests."  Previous R&R at 4.

Plaintiff failed to provide the written discovery the Court ordered him to; in fact, Plaintiff has not communicated with the Court at all since the Previous Order.  *See* Dkt.  Consequently, Defendants filed a second round of motions to dismiss the Complaint, which are unopposed.  In their motions, Defendants again contend that dismissal of the Complaint is appropriate because Plaintiff failed to respond to written discovery requests on multiple occasions.  Obiora Motion at 3-7; Union County Motion at 7-11.

Indeed, in her R&R, Judge Allen concludes that the majority of the *Poulis* factors call for dismissal of the Complaint *with prejudice*.  R&R at 3.  Specifically, Judge Allen found that the first factor—the extent of Plaintiff's responsibility—strongly weighs in favor of dismissing the

---

[3] D.E. 201 ("Previous R&R").

[4] In *Poulis v. State Farm Fire & Casualty Co.*, the Third Circuit identified six factors for courts to balance when deciding whether to impose a sanction such as dismissing a complaint:  (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.  747 F.2d 863, 868 (3d Cir. 1984) (herein, the "*Poulis* factors").

Complaint given Plaintiff, who proceeds *pro se*, bears "sole responsibility for his case." *Id.* at 5 (citations omitted).

Judge Allen also determined that the second factor—prejudice to Defendants—also weighs in favor of dismissing the Complaint as "Plaintiff's failure to engage in discovery creates the problematic consequence of unlimited delay, as Defendants cannot prepare their defense until Plaintiff engages in discovery." *Id.* at 6.

According to Judge Allen, the third factor—a history of dilatoriness—weighs in favor of dismissing the Complaint as well, as evidenced by the multiple Court orders Plaintiff has failed to respond to or comply with. *Id.* at 6-7.

Judge Allen concluded that the fourth factor—whether Plaintiff's conduct was done in bad faith to Defendants—weighs in favor of dismissing the Complaint because "Plaintiff's repeated failures to comply with this Court's Orders, and his refusal to participate in this action, when viewed together, demonstrate that Plaintiff has willfully abandoned his claims." *Id.* at 7 (citations omitted).

And although Judge Allen noted that "dismissal must be a sanction of last, not first, resort, Plaintiff's non-compliance with the Court's Orders and the record of non-responsiveness show that alternative sanctions would be futile. *Id.* at 8 (internal quotations omitted). Thus, the fifth factor—effectiveness of alternative sanctions—weighs in favor of dismissal.

Finally, Judge Allen determined that it is not clear whether the sixth factor—the meritoriousness of Plaintiff's claims—weighs in favor of dismissal because Plaintiff "has failed to produce discovery or pursue his claims." *Id.* at 8-9. Nevertheless, because the majority of the *Poulis* factors weigh in favor of dismissal, she recommends that dismissal is the proper remedy. *Id.* at 9 (citing *Hildebrand v. Allegheny Cnty.*, 923 F.3d 128, 132 (3d Cir. 2019)).

No objections were filed in response to the R&R.  *See* Dkt.  And as shown above, Judge Allen thoughtfully analyzed the *Poulis* factors.  After reviewing the R&R and the records in the pending case, the Court concludes there is no clear error, and therefore, the Court will **ADOPT** the R&R in its entirety.

**IT IS**, on this **2<u>nd</u>** day of July 2025;

**ORDERED** that the R&R, D.E. 207, is **ADOPTED**; and it is further

**ORDERED** that Defendants' motions to dismiss, D.Es. 204 & 206 are **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 57 is **DISMISSED** *with prejudice*; and it is further

**ORDERED** that the Clerk of the Court shall mark this case **CLOSED**; and it is finally

**ORDERED** that the Clerk of the Court shall send by regular mail a copy of this Memorandum Order to Plaintiff.

Evelyn Padin, U.S.D.J.